WARFIELD T. BROWNING, Trustee, *vs.* CHRISTIAN PASQUAY, Surviving Partner of PASQUAY & GEMUNDT, and others. ·

*Attachment under the Act of 1864, chap. 306 —*
*Motion to quash.*

The short note described the cause of action as dated 1st of June, 1867, and the cause of action filed with the attachment was dated the 1st of June, 1864; the variance was held fatal, and the attachment was quashed on motion.

Any substantial variance between the cause of action filed with the attachment and that described in the short note will be fatal.

APPEAL from the Superior Court of Baltimore City.

An attachment was issued under the Act of 1864, ch. 306, by the appellant against Christian Pasquay, surviving partner of Charles Gemundt and —— Pasquay, trading as Pasquay & Gemundt, and laid in the hands of John M. Frazier, who appeared and entered a plea of *non assumpsit* in behalf of the defendant, and a plea of *nulla bona* for the garnishee. Frazier died, and his executors were made parties. They moved to quash the attachment, and assigned several reasons in support of the motion. The Court (DOBBIN, J.,) passed an order quashing the attachment. The plaintiff appealed.

The cause was argued before BARTOL, C. J.; STEWART, BRENT, BOWIE, GRASON, MILLER and ROBINSON, J.

*John C. King*, for the appellant.

*Wm. Shepard Bryan* and *Allan B. Magruder*, for the appellees.

GRASON, J., delivered the opinion of the Court.

The appellant obtained an attachment under the Act of 1864, chap. 306, which was laid in the hands of John M.

Frazier, and he having afterwards died, his executors filed a motion to quash, and assigned several reasons therefor, which it is not necessary to pass upon, as the proceedings are fatally defective in another respect. The cause of action set out in the attachment is in the nature of a promissory note, bearing date the first day of June, 1864, for the payment of five thousand dollars on the first day of June, 1869, with legal interest payable semi-annually. The short note describes the cause of action as a promissory note bearing date *June 1st*, 1867, payable on the first of June, 1869, with interest semi-annually from date. In the case of *Pearce vs. Boarman, Garnishee of Kendig and Brillinger, decided at October Term,* 1870, and not reported, it was held by this Court that the short note is a substitute for, and performs the office of a declaration, and, like a declaration, it must substantially set forth the cause of action against the defendant, and any defect in this respect that would be fatal on demurrer will be fatal to the short note on motion. In *Dean vs. Oppenheimer,* 25 *Md.,* 368, it was also held that an attachment would be quashed for a defect in the short note. The cause of action described in the short note is not the same as that exhibited in the attachment proceedings, the first being dated the *first of June,* 1867, and the latter the *first of June,* 1864. The variance is fatal in a suit at common law. 1 *Chitty on Plead.,* 304, 306, 307; 1 *Greenl. Ev.,* secs. 66, 67, 68; *Gragg vs. Frye,* 32 *Maine,* 283. And as the variance appears on the face of the proceedings in this case, the attachment cannot be sustained, and the judgment of the Court below will be affirmed.

*Judgment affirmed.*

(Decided 13th March, 1872.)