(Decided 30th June, 1880.)

SIMON HIRSH and HERMAN HIRSH, Partners, trading as HIRSH BROTHERS *vs.* H. K. and F. B. THURBER & Co., and SAMUEL B. DOBBIE.

*Attachment—Short Note.*

The short note in attachment is fatally defective if it does not set out the individual names of the members of the firm in whose favor the attachment is issued.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ROBINSON and IRVING, J.

*J. H. Gordon,* for the appellants.

*William Brace,* for the appellees.

GRASON, J., delivered the opinion of the Court.

The attachment in this case was issued by the present appellants against Samuel B. Dobbie, and was levied upon his goods. A subsequent attachment was issued by Thurber & Company against the same defendant, and

was levied upon the same goods which had been attached by Hirsh Brothers.

On the return of the attachments, Dobbie as well as Thurber & Company, filed motions to quash the attachment issued by Hirsh Brothers, and the motions were sustained, and the attachment quashed, and Hirsh Brothers appealed, and the only question presented is whether there was error in the ruling of the Court below in quashing the attachment.

The short note, sent with the writ of attachment, and set up at the court house door, does not set out the names of the persons who compose the firm of Hirsh Brothers, but is merely entitled " *Hirsh Brothers vs. Samuel B. Dobbie,*" and then alleges that *the defendant* was indebted *to the plaintiffs*, for money payable by the *defendant* to the *plaintiffs* for goods bargained and sold, &c. The Revised Code, Art. 67, sec. 10, requires that with every attachment a writ of summons against the defendant shall issue, and a declaration or short note expressing the plaintiff's cause of action shall be filed, and a copy set up at the court house door, by the sheriff or other officer. The short note is a substitute for the declaration, and any defect in it, which would be fatal on demurrer, is good ground for quashing the attachment. *Dean vs. Oppenheimer*, 25 *Md.*, 368; *Pearce vs. Boarman, Garnishee*, decided January 26th, 1871, and filed among the cases "Not to be reported."

In treating of the "general requisites" of the declaration, all the works upon pleading state that the names of *the parties to the suit* must be stated with certainty, and where a suit is brought by a partnership, the names of the parties composing it must be stated. This rule has not been changed or relaxed by the Revised Code. The short note must be complete in itself, and reference cannot be had to the account or affidavit in the attachment case for the purpose of curing defects in it. If a reference

could be had to the account and affidavit for the purpose of supplying any defect in the statement in the short note of the names of the parties to the suit, such reference might also be had for the purpose of supplying any omission, or correcting any misstatement of the cause of action, which this Court has said in the case of *Dean vs. Oppenheimer*, before referred to, cannot be done.

The short note in this case is fatally defective in not having set out the names of the individual members of the firm of Hirsh Brothers, and the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided 30th June, 1880.)