### THIRD NAT. BANK OF BALTIMORE *v.* TEAL.

*(Circuit Court, D. Maryland.   January 28, 1881.)*

1. DECLARATION—JURISDICTIONAL FACTS—DEMURRER.

   The declaration described the plaintiff as "The Third National Bank of Baltimore." *Held,* on demurrer, that this was not equivalent to an averment that the plaintiff was a banking association established in the district of Maryland, nor that it was established under the law of the United States providing for national banking associations. *Held, also,* that the declaration was demurrable for want of an averment that the plaintiff was a corporation.

2. ATTACHMENT UNDER STATE LAW ADOPTED BY THE UNITED STATES COURTS.

   The plaintiff having obtained an attachment on original process, as provided by the Maryland state law, adopted by circuit courts, as authorized by section 915 of the U. S. Revised Statutes, *held,* that the circuit court must apply the remedy agreeably to the construction put upon the law by the highest appellate court of the state. *Held,* that, the appellate court having decided that, by the terms of the statute giving the remedy, the attachment was void if the declaration was demurrable, the attachment in this case must be quashed.

Demurrer to declaration and motion to quash attachment.

*T. M. Lanahan* and *A. Sterling, Jr.,* for plaintiff.

*Robert D. Morrison* and *George C. Maund,* for defendant.

MORRIS, D. J.   This court having by its rules (as authorized by section 915 of the U. S. Revised Statutes,) adopted the Maryland law of 1864, c. 306, giving to plaintiffs a remedy by attachment on original process, the plaintiff in this case, upon giving bond and filing an affidavit alleging that it had good reason to believe that the defendant had disposed of some portion of his property with intent to defraud his creditors, obtained an attachment, which was levied on certain of the defendant's real estate.

The Maryland statute, prescribing the practice and pro-
ceedings in attachment cases, provides that "there shall be
issued with every attachment a writ of summons against the
defendant; and a declaration or short note expressing the
plaintiff's cause of action shall be filed, and a copy thereof
shall be sent with the writ to be set up at the court-house
door."

In the present case the affidavit described the plaintiff as
"*The Third National Bank of Baltimore.*" The short note or
declaration used the same words and no others. The bond
described the obligors as "*The Third National Bank of Bal-
timore, a duly incorporated body under the statutes of the United
States of America,* and Thomas Y. Canby, of the city of Balti-
more, in the State of Maryland."

The defendant was returned "summoned," and has appeared
and demurred to the short note or declaration, and a trustee,
to whom the defendant executed a deed of trust for creditors
after the attachment was levied, claims the property and
moves to quash the attachment. The causes of the demurrer
are that the declaration does not set out facts sufficient to
show that the federal court has jurisdiction of the case, and
also that the plaintiff is not alleged in the declaration to be
a corporation.

The claimant of the property attached moves the court to
quash the attachment for the reason that the jurisdictional
facts and other necessary allegation do not appear, contend-
ing that if the declaration is demurrable the attachment is
void.

We will first consider the alleged defects in the statement
of the facts on which the jurisdiction of the federal court de-
pends. By section 629, subsection 10, of the U. S. Revised
Statutes, it is provided that the United States circuit courts
shall have jurisdiction "of all suits by or against any banking
association established in the district for which the court is
held, under any law providing for national banking associa-
tions."

The title of the plaintiff, "The National Bank of Baltimore,"
is not in itself an averment either that the plaintiff is a bank-

ing association, established in the district of Maryland, or that it is established under the law of the United States providing for national banking associations. There are other Baltimores than the one in Maryland, and there does not appear to be in the national bank act anything to prohibit an association formed in any other state from having been the first to take the title of the plaintiff, if they had seen fit, and if the comptroller of the currency had approved. The name of the bank is subject only to the approval of the comptroller of the currency, and we find nothing in the act itself which would prevent an association from adopting any name which he approves of. It is argued that as section 5243 imposes a fine upon any firm or corporation, not organized under the national bank act, which shall use the word "national" as part of the name of such corporation or partnership, it follows that the title "National Bank of Baltimore" necessarily implies that it is lawfully established under that act. This we do not think is a necessary inference, or that it is equivalent to the positive averment required. It is quite supposable that the name might be used unlawfully, notwithstanding the fine imposed by the statute.

The supreme court has never relaxed the rule that the facts essential to jurisdiction must be affirmatively shown by the record, and cannot be argumentatively deduced from other averments. In *Robertson* v. *Case*, 97 U. S. 646, the case had been instituted in the United States circuit court for the district of Texas, and the pleadings stated that the plaintiff *resided* in "the county of Macon, in the state of Illinois." It was strongly argued that, as the fourteenth amendment to the federal constitution declares that all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state where they reside, the plaintiff was *prima facie* either *an alien* or *a citizen* of the state of Illinois, in which he resided, and in either capacity entitled to sue in the circuit court for the district of Texas; but the supreme court, while acknowledging that there was force in this suggestion, declared it to be unwise to modify the long-established rule on the subject of

jurisdiction. They say: "As the jurisdiction of the circuit court is limited in the sense that it has none except that conferred by the constitution and laws of the United States, the presumption now, as well as before the fourteenth amendment, is that a cause is without its jurisdiction unless the contrary affirmatively appears. In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record. In *Brown* v. *Keene*, 8 Pet. 115, Mr. Chief Justice Marshall said: "The decisions of this court require that the averment of jurisdiction shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments."

It is to be noticed that in *Robertson* v. *Case* the particular objection to the jurisdiction relied upon was made after verdict, by a motion in arrest of judgment, when ordinarily the presumption would be that the necessary facts had been proved and every fair intendment allowed to uphold the verdict. The present case, arising upon a demurrer, is one in which much greater strictness might well be insisted upon. If we look to the bond which the plaintiff in this case filed as a condition precedent to obtaining the attachment, and consider it, as we are urged to do, as part of the record, and examine it for an averment of the jurisdictional facts, we find that it relieves the plaintiff in one particular, but as we think in one only. It describes the plaintiff as "The Third National Bank of Baltimore, a duly incorporated body under the statutes of the United States of America," and describes the other obligor as "Thomas Y. Canby, of the city of Baltimore, in the state of Maryland." This may amount to an averment that the plaintiff is a banking association, established under the law providing for national banking associations, but it is not equivalent in our judgment, for reasons before suggested, to the equally necessary averment that the association is established within the district of Maryland. We must, there-

fore, sustain the demurrer to the declaration for want of proper averments showing the plaintiff's right to sue in this court.

Objection is also made that the declaration does not allege that the plaintiff is a corporation. On this point of pleading we are not at liberty to look at the bond, but must consider the declaration itself.

The fact of the incorporation of the plaintiff is certainly a fact essential to the plaintiff's case, and necessary to be proved, and one which the defendant is entitled to deny and put in issue; and we think that a declaration which omits this averment, while it would be cured by verdict, must be held bad on demurrer. These defects in the declaration can, of course, be amended, and it only remains for us to consider the motion to quash, and how the amendment affects the attachment. The attachment is a remedy given to the plaintiff by the laws of the state of Maryland. This court was authorized, by the United States Revised Statutes, to adopt the state law providing this remedy, but we must adopt the law as we find it, and as its scope, meaning, and application, and the practice under it, has been settled by the Maryland court of appeals. This is a local law, and if we find that the Maryland court has determined the effect of such an amendment on a proceeding based on that law, we are to be governed by that decision, especially as the right to amend in all ordinary actions is quite as liberal under the Maryland laws and practice as under the United States Revised Statutes.

We find that the Maryland court of appeals has repeatedly held that this statutory remedy by attachment is in all respects *strictissimi juris,* and that for any defect apparent in the proceedings the attachment may be quashed upon suggestion to the court of such defect by any one having an interest in the property attached. To this doctrine the practice in the state courts has constantly conformed. Hinckley & Mayer on Attachments, § 305; *Weaver* v. *Baltzell,* 6 G. & J. 339.

This question of the effect on an attachment of a necessary amendment to the declaration has been, we think, passed

upon by the appellate court. In *Browning* v. *Pasquay*, 35 Md. 294, on a motion to quash an attachment issued by virtue of the same law under which the plaintiff proceeded in this case, it was shown that the affidavit described the cause of action as a promissory note, dated *June 1, 1864.* The declaration described it as dated *June 1, 1867.* The court say: "In the case of *Pearce* v. *Boarman*, decided at October term, 1870, and not reported, it was held by this court that the short note is a substitute for and performs the office of a declaration, and, like a declaration, it must substantially set forth the cause of action against the defendant, and any defect in this respect that would be fatal on demurrer will be fatal to the short note on motion. In *Dean* v. *Oppenheimer*, 25 Md. 368, it was also held that an attachment would be quashed for defect in the short note.  *  *  * As the variance in this case appears on the face of the proceedings, the attachment cannot be sustained." As the case then before the court was one in which ordinarily the declaration could have been amended as of course, we think the decision was equivalent to deciding that the necessity for the amendment was ground for vacating the attachment. This, we think, the court has in terms declared in *Hirsh Bros.* v. *Dobbie,* decided at October term, 1880. In that case the court say: "The Revised Code, art. 67, § 10, requires that with any attachment a writ of summons against the defendant shall issue, and a declaration or short note expressing the plaintiff's cause of action shall be filed, and a copy set up at the court-house door by the sheriff or other officer. The short note is a substitute for the declaration, *and any defect in it which would be fatal on demurrer is good ground for quashing the attachment.* In treating of the 'general requisites' of the declaration, all the works upon pleading state that the names of the parties to the suit must be stated. This rule has not been changed or relaxed by the Revised Code. The short note must be complete in itself, and reference cannot be had to the account or affidavit in the attachment case for the purpose of curing defects in it. If a reference could be had to the account and affidavit for the purpose of supplying

any defect in the statement in the short note of the names of the parties to the suit, such reference might also be had for the purpose of supplying any omission or correcting any misstatement of the cause of action, which this court has said, in the case of *Dean* v. *Oppenheimer*, cannot be done."

These decisions of the court of appeals of Maryland we take to be conclusive as to the effect of an amendment to the declaration in an attachment case under the Maryland statute, and binding upon us in applying that statute to proceedings in this court. Our attention has been called to *Neptune Ins. Co.* v. *Mantell*, 8 Gill. 228, and *Norris* v. *Graham*, 33 Md. 56, two cases in which it is claimed that the court did not quash the attachment, although the declarations were amended. In the latter case no motion to quash the attachment appears to have been made; the defendant appeared and pleaded to the declaration. The controversy appears to have been entirely whether he was liable at all to the plaintiffs, and not as to the validity of the attachment; and, as it appeared that by amending his declaration the plaintiff might obtain a personal judgment against the defendant, a new trial was awarded, but the fate of the attachment does not appear.

In the case of *Neptune Ins. Co.* v. *Mantell*, decided in 1849, it would seem that by sending the case back for a new trial against the garnishee, after amendment to the declaration, the court did sustain the attachment; but the precise point does not appear to have been either argued by counsel or passed upon by the court of appeals, and in the two very recent decisions of that court, to which we have above referred, it does appear that the precise point was expressly ruled to the contrary.

It follows that the demurrer must be sustained, with leave to the plaintiff to amend the declaration, and the attachment must be quashed.

BOND, C. J., concurred.