FIRST NAT. BANK OF ASPERMONT v.
CONNER et al., Judges of Court of
Civil Appeals. (No. 2331.)

(Supreme Court of Texas. Jan. 27, 1915.)

1. COURTS (§ 247*)—SUPREME COURT—CERTIFI-
CATION OF QUESTIONS BY COURT OF CIVIL
APPEALS.

Under Act May 9, 1899 (Acts 26th Leg. c.
98; Rev. St. 1911, art. 1623), providing that
whenever any of the Courts of Civil Appeals
may arrive at an opinion in the decision of any
cause in conflict with the opinion rendered by
some other Court of Civil Appeals on any
question of law, and such court refuses to con-
cur with the opinion so rendered by such other
court, it shall be its duty to transmit the ques-
tion of law duly certified, together with the
record or transcript, to the Supreme Court for
adjudication, where there is a clearly defined
conflict between the decision of a Court of Civil
Appeals and an earlier decision of another
Court of Civil Appeals, it is the duty of the
court to certify the question to the Supreme
Court.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–
764; Dec. Dig. § 247.*]

2. COURTS (§ 247*) — SUPREME COURT — CER-
TIFICATION OF QUESTIONS BY COURT OF
CIVIL APPEALS.

A decision of a Court of Civil Appeals, that
the execution of a building contractor's bond by
a corporation chartered for the purpose of buy-
ing and selling lumber and other building ma-
terial was an ultra vires act, was in conflict
with an earlier decision of another Court of
Civil Appeals that the execution of a statutory
liquor dealer's bond by a corporation chartered
for the conduct of a wholesale and retail liquor
business was not ultra vires, though there was
no express or implied agreement by the liquor
dealer to purchase goods from the corporation,
because the furnishing of aid to the dealer was
a means calculated to obtain custom for the
corporation and within its implied corporate
powers, and hence the court should have certi-
fied the question to the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–
764; Dec. Dig. § 247.*]

Petition by the First National Bank of
Aspermont for a writ of mandamus against
T. H. Conner and others, Judges of the Court
of Civil Appeals for the Second District.
Writ awarded.

Theodore Mack, of Ft. Worth, for relator.

PHILLIPS, J. This is a proceeding for a
writ of mandamus to require the judges of
the honorable Court of Civil Appeals for the
Second District to certify for the decision
of this court a question determined by them
in the case of W. C. Bowman Lumber Co. v.
Pierson et al., adversely to the relator, an
appellee in the case. 139 S. W. 618.

[1] The jurisdiction of the Court of Civil
Appeals was final in the case, it having been
appealed from a county court and not being
within any of the exceptions of the statute
providing that the jurisdiction of the Courts
of Civil Appeals shall be final in such cases;
and, the motion to certify the question hav-
ing been duly made upon the ground that the
decision was in conflict with that of another

Court of Civil Appeals, it was the duty of
the court to certify it, provided there was a
clearly defined conflict between the two de-
cisions. Act of May 9, 1899 (Laws of 1899,
p. 170); article 1623, R. S. 1911; McCurdy v.
Conner, 95 Tex. 246, 66 S. W. 664.

[2] The question determined by the Court
of Civil Appeals was that the lumber com-
pany, a corporation chartered for the pur-
pose of buying and selling lumber and other
building material, was not liable on its un-
dertaking as a surety upon the bond of Rob-
inson, a building contractor, executed in fa-
vor of the relator to secure the performance
of a building contract, because its act in sign-
ing the bond was ultra vires and void. The
decision is claimed to be in conflict with the
holding of the Court of Civil Appeals for the
Fourth District upon the same question in
Munoz v. Brassel, 108 S. W. 417. In the lat-
ter case the Houck & Dieter Company, a cor-
poration chartered for the conduct of a
wholesale and retail liquor business, signed
as surety a statutory liquor dealer's bond
with one Vidal as cosurety. In a suit upon
the bond it was discharged in the trial court,
but Vidal was cast. Upon his appeal Vidal
contended that, unless there was an express
or implied agreement on the part of the prin-
cipal in the bond to purchase goods from the
corporation, as an inducement for it to sign
the bond in the promotion of its business, its
becoming a surety upon the bond was an ul-
tra vires act and void, rendering the bond
invalid and unenforceable because of the re-
quirement of the law that it should be sign-
ed by two lawful sureties. The court, in its
opinion by Chief Justice James, ruled against
this contention, expressly holding that the
corporation was not without the power to
execute the bond, though such an agreement
was not shown; that furnishing aid to the
principal by signing his bond was a means
calculated to obtain custom for the corpora-
tion and thus promote its interest, and that
its act was accordingly within its implied
corporate powers.

For the same reason, if that decision is
correct, becoming a surety upon a building
contractor's bond is not violative of the char-
ter powers of a corporation engaged in the
sale of building material. It would be deem-
ed, according to such ruling, equally an act
promotive of the business of the corporation.

The two decisions are in evident conflict,
and the writ of mandamus is, accordingly,
awarded.