## McCurdy & Daniels v. T. H. Conner et al.

### No. 1072.   Decided February 17, 1902.

**1.—Conflicting Decisions—Certifying Question.**

The decision of the Court of Civil Appeals for the Second District in Yoacham v. McCurdy & Daniels, as to error in charge on the effect of excess in a survey in determining its boundaries, conflicts with that in Branch v. Simons, by the court for the First District, on the same subject, to such an extent as to make it the duty of the former court to certify the question to the Supreme Court, under the Act of May 9, 1899, Twenty-sixth Legislature, page 170.   (Pp. 249, 250.)

**2.—Same.**

In determining whether there is such conflict in decisions as to require a question to be certified to the Supreme Court under the Act of May 9, 1899, the same rule should be applied as to the necessity of there being a well defined conflict (Bassett v. Sherrod, 90 Texas, 32) as in determining the jurisdiction of the Supreme Court over a reversed and remanded case.   (P. 250.)

**3.—Same—Decisions Settling Conflict.**

The conflict between decisions of different courts of civil appeals can not be pronounced settled by a decision of the Supreme Court made before the conflicting decisions, so as to dispense with the necessity for certifying the question.   (Pp. 250, 251.)

**4.—Cases Discussed.**

Branch v. Simons, 48 Southwestern Reporter, 40; Scott v. Pettigrew, 72 Texas, 321; and Ayres v. Harris, 77 Texas, 108, discussed as to conflict on the question of proper charge on the effect of excess in a survey upon its boundaries. (Pp. 249-251.)

**5.—Jurisdiction of Supreme Court—Boundary—Conflicting Decisions—Mandamus to Certify Question.**

Having no jurisdiction to grant writ of error in a boundary case, the Supreme Court may grant mandamus requiring one court of civil appeals whose decision in such case conflicts with the previous holding of another to certify the question for decision; the writ is necessary and authorized in order to enforce the jurisdiction of the Supreme Court in such case. Const., art. 5, sec. 3; Rev. Stats., art. 946; Acts of 1899, ch. 98, p. 170.   (P. 251.)

Original application for writ of mandamus.

McCurdy and Daniels sued for mandamus to compel the Court of Civil Appeals for the Second District to certify a question to the Supreme Court.

The substance of the answer of respondents to the petition for mandamus was as follows:

Now come the respondents and demur to the petition for mandamus, upon the ground that there is no conflict between the decision of the Court of Civil Appeals for the First District in the case referred to. of

Branch v. Simons, 48 Southwestern Reporter, 40, and the decision rendered by the Court of Civil Appeals for the Second District in the case of Yoacham v. McCurdy & Daniels, for that it was held in Branch v. Simons that in no view of that case admissible under the evidence could the instruction there complained of operate harmfully.

But if mistaken in this, and there be conflict between the two decisions, then they demur to the petition upon the ground that the very question involved in this conflict has already been decided by the Supreme Court in the case of Scott v. Pettigrew, 72 Texas, 321, and Ayres v. Harris, 77 Texas, 108, as will be seen from an examination of the opinions in these cases, in the first of which a charge substantially identical with that passed upon in Yoacham v. McCurdy & Daniels was held to be erroneous and to require a reversal of the judgment; and, to the extent that such charge was held to be erroneous in the opinion in Scott v. Pettigrew, it was impliedly, if not expressly, approved in Ayres v. Harris; but in the latter case the charge was held, under the peculiar circumstances of that case and attitude of the party complaining, not to require a reversal of the judgment.

They further demur to that part of the petition which sets up a conflict between the decision of the Court of Civil Appeals of the Second District and of the Supreme Court, because that is not made a ground by the Act of May 9, 1899, for certifying any question to the Supreme Court.

But if these demurrers should be overruled, then they answer further and say, denying the alleged conflict or conflicts of decisions, that if there be conflict between the decisions of the courts of civil appeals as alleged, that that conflict has already been settled by the decisions of the Supreme Court in Scott v. Pettigrew, 72 Texas, 321, and Ayres v. Harris, 77 Texas, 108, and that it was upon this ground that the motion to certify was refused, as will be seen from the opinion of this court, a certified copy of which is hereto attached and marked exhibit "A." See also copy of original opinion, exhibit "B."

The view was then entertained and expressed, and is here reiterated, that it could not have been the purpose of the Legislature in passing the law of 1899 to require the courts of civil appeals to certify to the Supreme Court of Texas for decision a question which had already been expressly decided by the court of final jurisdiction. This view is strengthened when the statutes affecting the jurisdiction of the Supreme and appellate courts are examined, for we find in article 941 of the Revised Statutes, that provision is made for a writ of error in cases in which the decision of the courts of civil appeals may be in conflict, and also where the decision of the Court of Civil Appeals complained of is in conflict with a decision of the Supreme Court, the purpose of which evidently was to correct errors of the courts of civil appeals in the class or classes of cases of which it was intended that the Supreme Court should have jurisdiction by writ of error, while the Act of 1899, without intending to change the general rule on the subject of the jurisdiction

of the Supreme Court in such cases, in order to prevent the confusion arising from conflicts among the decisions of the courts of civil appeals, went a step further and provided a method of settling such conflicts; but evidently, if a decision of the Supreme Court could be found covering the question of conflict, we respectfully submit that we can see no good reason for requiring that court to repeat its decision. We consequently concluded, in disposing of the motion to certify, that it was not only our duty to refuse to grant the motion, but that we would subject ourselves to the just criticism of the Supreme Court by doing so, for thus holding that it required two or more decisions of the Supreme Court to settle one conflict between the courts of civil appeals.

But if these views should be overruled, and your honors should hold that we should certify the question involved, we are both ready and willing to do so.

*Wm. M. Knight,* for petitioners.

*J. L. Scott* and *N. R. Morgan,* for respondents.

GAINES, CHIEF JUSTICE.—This is a petition for a writ of mandamus to compel the Court of Civil Appeals for the Second Supreme Judicial District to certify for the decision of this court a question determined by them in the case of T. P. Yoacham, appellant, v. McCurdy & Daniels, appellees. The decision was adverse to the appellees, who are the relators in this proceeding. The judges of the Court of Civil Appeals and the appellant are made the parties defendant.

The proceedings were instituted under the Act of May 9, 1899 (Laws 1899, page 170), which makes it the duty of the courts of civil appeals to certify a question to this court when there is a conflict between the decision of the court and another Court of Civil Appeals upon the point.

We will state the substance of the allegations in the petition. Yoacham, the appellant in the Court of Civil Appeals and one of the defendants in this court, brought an action of trespass to try title against the appellees therein, the relators here, to recover a tract of land. The appellant's claim was that the land had been vacant unappropriated public domain lying between two appropriated surveys,—namely, the C. O'Connor on the west and the Henry Billings on the east,—and that he had acquired title thereto under the homestead laws of the State. The appellees, defendants in the District Court, claimed, on the other hand, that there was no vacancy, but that the land in controversy lay within the true boundary lines of the O'Connor survey, which was owned by them. The cause was tried with a jury and the court, among others, gave the following charge: "That the fact that the lines and corners of the O'Connor survey, as originally run and marked upon the ground, include a greater or less quantity of land than is included in the field notes of the patent, becomes wholly imma-

terial further than as a circumstance to be considered by you for what you may deem the same worth to aid you, if it does so, in connection with all the evidence in the case, in following the footsteps of the original surveyor, and in fixing the eastern boundary of said survey as originally located." The jury having found in favor of the defendants and plaintiffs having appealed, the Court of Civil Appeals for the Second District held that this charge was reversible error and reversed the judgment and remanded the cause. Thereupon the appellees filed a motion for a rehearing, pointed out that the decison of the court upon the point was in conflict with that of the Court of Civil Appeals for the First Supreme Judicial District in the case of Branch v. Simons, 48 Southwestern Reporter, 40, and prayed the court to certify the question for the decison of this court. The motion was overruled.

The respondents demurred to the petition, and answering, denied that there was any conflict between their decision and that of the Court of Civil Appeals for the First District in the case of Branch v. Simons, and claimed that if such conflict existed, it had been settled by the cases of Scott v. Pettigrew, 72 Texas, 321, and Ayres v. Harris, 77 Texas, 108.

The Act of May 9, 1899, under which the relators claim the right to have the question certified is in part as follows: "That if in any cause that is now pending or may hereafter be pending in any of the courts of civil appeals of the several supreme judicial districts of the State of Texas, any one of said courts may arrive at an opinion in the decision of any of said causes that may be in conflict with the opinion heretofore rendered, or hereafter rendered, by some other Court of Civil Appeals in this State on any question of law, and said Court of Civil Appeals refuses to concur with the opinion so rendered by said other Court of Civil Appeals, it shall be the duty of said court failing to concur with the opinion in conflict with the opinion so arrived at by said court, through its clerk, to transmit the question of law, duly certified to, involved in the cause wherein said conflict of opinion has arisen, together with the record in said cause, to the Supreme Court of the State of Texas for adjudication by said Supreme Court * * *." So much of the act as is omitted merely prescribes the procedure in the Supreme Court and in the Court of Civil Appeals after the decision of the former court has been certified, and it is unnecessary to quote it. The charge which was held not to be reversible error in Branch v. Simons reads as follows: "You are instructed that, if there is any excess in quantity of land in the B. J. White survey, such excess is not to be considered by the jury, whether the same be great or small, unless it enables or assists you to determine the true location of the south boundary line of the B. J. White survey. You are required to find the true location of the line of the survey as originally run and located on the ground, retracing the footsteps of the original surveyor; and it does not matter whether a greater or less quantity of land than called for in the grant be included within the lines as

originally run." Is there a conflict between the ruling in the case
out of which this proceeding arose and that of the Court of Civil
Appeals of the First District in the case just named? The charges:
in the two cases indicate, as do the opinions of the two courts, that.
practically the same issue of fact was presented upon the trial of each
of the cases. It appears that in each there were such discrepancies in
the calls of the survey, that when applied to the ground, it became
questionable whether the calls for distance were correct or whether
certain lines should be so projected as to conform to one or more other
calls of the survey; and that if the line as contended for by one party
was correct, there would be an excess in the survey, whereas if that con-
tended for by the other was the true boundary, there would be none.
The issue in the two cases being practically the same, the question of
conflict of decision must depend upon the further question, whether or
not each of the two charges embodies substantially the same proposi-
tion of law. We think this latter question must be answered in the
affirmative. A careful comparison of the two charges satisfies us that
there is no substantial reason for distinguishing them and that they
mean the same thing. In the one, the jury are told not to consider
the excess unless it enabled or assisted them in determining the true
location of the line. In the other, they are instructed that the matter
of the excess is wholly immaterial further than as a circumstance to
aid them, if it does so, in following the footsteps of the surveyor, etc.
Evidently these instructions announce the same proposition of law;
and since in the one case the charge was held correct and in the other
erroneous, there is a conflict in the two decisions. We have held that
in order to give this court jurisdiction of a reversed and remanded
case on the ground of a conflict of decisions, there must be a well
defined conflict (Bassett v. Sherrod, 90 Texas, 32); and we think the
same rule should apply to the construction of the statute which requires.
a court of civil appeals to certify a question upon which its opinion
conflicts with that of another court of civil appeals. But it appears:
from what we have already said that the opinion in the case out of
which this controversy arose, and that in the case decided by the Court;
of Civil Appeals for the First District are not merely inharmonious
but are sharply in conflict.

But it is urged that the conflict has been settled by the Supreme:
Court in the case of Scott v. Pettigrew, supra. In the case of Sullivan
v. Insurance Company (89 Texas, 665), it was held that the Supreme
Court was without jurisdiction to grant a writ of error in a remanded
case upon the ground that the decision of the Court of Civil Appeals:
had overruled the decision of another Court of Civil Appeals, where:
the decision of such another court had itself been overruled by a sub-
sequent decision of the Supreme Court. The purpose of the law which
gives jurisdiction to the Supreme Court in case the decision of one
Court of Civil Appeals overrules another was to settle the conflict, and
therefore it was held that the statute did not apply when the Supreme:

Court had already overruled the first decision and had settled the question. Here we have a different case. The decision in Scott v. Pettigrew, supra, relied upon as settling the conflict, was rendered long before that in Branch v. Simons, which is claimed to be and which seems to be in conflict with it; and we do not think it would do to say that a decision of this court had settled a conflict which arose after it was rendered. It is not to be presumed that a Court of Civil Appeals will lightly disregard a ruling of this court, and where there is a subsequent decision of two courts of civil appeals, the one apparently in conflict with such ruling and the other conforming to it, it ought to be presumed either that the opinion in which such ruling is announced was capable of two constructions or that some subsequent decision of the court which rendered it had thrown doubt upon its correctness. We are therefore of opinion that the same reason exists for settling a conflict in such a case as would exist in a case where the Supreme Court had never ruled upon the point. Besides, it is difficult to reconcile the decision in Ayres v. Harris, supra, with that of the same court in Scott v. Pettigrew. At all events, as it seems to us, they so involve the question as to leave the courts in doubt as to the proper rule.

It is contended in a written argument on behalf of the defendant Yoacham that we are without power to grant a writ of mandamus in this case. The Constitution, as amended in 1891, provides that "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." Art. 5, Sec. 3. In pursuance of this provision, article 946 of the Revised Statutes prescribes that the Supreme Court, or any justice thereof, shall have power to issue writs of habeas corpus as may be prescribed by law; and the said court, or the justices thereof, may issue writs of mandamus, procedendo, certiorari, and all writs necessary to enforce the jurisdiction of said court; and in term time or vacation, may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State." It is true, as contended, that the Legislature has not conferred power upon us to grant a writ of error in the original case,—it being a "boundary case." We so held when a writ of error to the Court of Civil Appeals was applied for to this court and was dismissed by us for want of jurisdiction. But the Act of May 9, 1899, does confer upon us jurisdiction to determine a question properly certified under that act and makes it the duty of the Court of Civil Appeals to certify the question provided there be a conflict between its decision and that of another Court of Civil Appeals. If the Court of Civil Appeals decline to certify, then the only method by which we can enforce the jurisdiction of this court to decide the point is to compel the performance of that duty by the writ of mandamus. Being a writ necessary to enforce our jurisdiction, we have the power to grant it.

It is also urged in argument on behalf of defendant Yoacham that the petition for the writ of mandamus comes too late. But there is no statute which prescribes in express terms any limitation as to the time in which a writ in such case may be sued out. However, we are of opinion that, of necessity, there must be some limitation as to the time in which the writ should issue. It should be sued out in a reasonable time, and also before the mandate from the Court of Civil Appeals has issued, or while it is within the power of that court to recall the mandate in case it has been sent down. We are not prepared to hold that the writ in this case was not applied for in a reasonable time; and if, for any reason, the Court of Civil Appeals has lost control of the mandate, the fact is not alleged in the answer.

. Our conclusion is that the writ as prayed for should be awarded. But the respondents have expressed a willingness to certify the question in case we should hold that it is their duty to do so. The learned court has merely reached a different conclusion from that reached by us upon a difficult question and we do not think they should be taxed with any part of the costs of the suit.

Mandamus awarded,—defendant Yoacham to pay the costs of the suit.