## PACK v. DITTLINGER & DARE.
### No. 10634.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 17, 1940.

Rehearing Denied Feb. 14, 1940.

Miller & Dawson, of Sinton, for appellant.

B. H. Kirk, of Robstown, for appellee.

NORVELL, Justice.

Dittlinger and Dare, appellees, brought suit upon a chattel mortgage against appellant, Pack, in the Justice's Court, Precinct No. 5, of Nueces County. Pack resided in Precinct No. 1, San Patricio County, and filed his plea of privilege, which was controverted by appellees, who assert that the case properly comes within the exceptions contained in subdivision 4 of Article 2390, and subdivision 5 of Article 1995, as amended by Acts of Forty-Fourth Legislature, c. 213, § 1, Vernon's Annotated Revised Civil Statutes of Texas, in that the suit is based upon a contract of writing "providing for a promise of performance at Robstown in Precinct No. 5, Nueces County, Texas."

The Justice of the Peace of the Robstown precinct overruled the plea of privilege, and upon this point an appeal was taken to the County Court of Nueces County, which also overruled the plea. From that decision, appellant brings the case here.

The appellees rely upon the wording of the chattel mortgage to sustain their position. This instrument is headed: "Retail Chattel Mortgage." Immediately below and to the right of the heading appear the words: "To Dittlinger & Dare; Town and State: Robstown, Texas." To the left and opposite the foregoing, the following appears: "Date: Aug. 28, 1937; Mortgagor: Sinton Baker & Cafe; Address: Sinton, Texas." Below, and following these items, there appears a description of the mortgaged property and the terms of payment. Thereafter appear the following provisions: "Balance due by purchaser payable in 36 equal consecutive monthly installments of $10.81 each, commencing 1 Month(s) from date hereof."

It is appellees' contention that the words, "To Dittlinger & Dare; Town and State: Robstown, Texas," are to be construed as designating the place of the payment of the money secured by the mortgage.

We cannot agree with this contention. The mere designation by name of the mortgagees and statement of the town and state in which they reside cannot be construed as promising performance at Robstown, Texas. Rathburn v. Royal, Tex.Civ.App., 281 S.W. 851; Nichols v. Ben Franklin Bond & Indemnity Corp., Tex.Civ.App., 81 S.W.2d 279.

The judgment will be reversed, and judgment will be here rendered sustaining

the plea of privilege and directing the Clerk of the County Court of Nueces County to make up a transcript of all orders made in this cause, certify thereto under the seal of said court, and then transmit same with the original papers in the cause to the Justice's Court for Precinct No. 1 of San Patricio County, Texas.