## SAIGH v. ANDERSON BROS. CORPORATION.

### No. 11975.

Court of Civil Appeals of Texas. Galveston.

April 29, 1948.

Rehearing Denied May 20, 1948.

Kelley, Lockett, Lockett & Mosheim, of Houston, and Eskridge & Groce, of San Antonio, for appellant.

C. M. Hightower and W. B. Browder, Jr., both of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellee.

CODY, Justice.

This is a plea of privilege case in which the plaintiff sought to retain venue in Harris County against defendant, a resident of Bexar County, under Subdivision 5, R.C.S. Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 5. The court, trying the controversy without a jury, overruled the defendant's plea. No conclusions of fact or law were requested.

Plaintiff's suit against the defendant was upon two certain contracts in writing whereby plaintiff had leased certain equipment and machinery to defendant to be used on two certain pipe laying jobs. Plaintiff alleged that the terms of the first of the said written contracts, which was dated March 14, 1944, provided that defendant was "to be responsible for all machinery and equipment from the time of acceptance by defendant until returned to Anderson's (plaintiff's) warehouse in Houston, Harris County, Texas * * * and upon the expiration or termination of said .contract (that defendant was obligated) to return said machinery and equipment to Anderson at its warehouse in Houston, Harris County, Texas, in as good condition as when received by defendant, except for ordinary wear under usual

358

and normal operating conditions". And plaintiff alleged that, when returned, the equipment was not in the specified condition and sued for the amount alleged as necessary to restore such condition. With respect to the second of said written contracts, which was dated August 8, 1945, plaintiff alleged that defendant therein expressly agreed in writing that all payments to be made thereunder "should be made to the Second National Bank of Houston, in Houston, Harris County, Texas, for the account of Anderson" (i. e., plaintiff). By its suit, plaintiff sought to recover such payments as it alleged to be due under said contract.

The defendant predicates his appeal upon two points, wherein he urges that the court erred in overruling his plea of privilege because:

1-2. The evidence was insufficient, and there was no evidence, to support a finding that there was a contract in writing for defendant to perform an obligation in Harris County, expressly naming such county. We overrule the points.

### Opinion

Subdivision 5, Article 1995, as amended in 1935, reads: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." It will be noted that defendant's complaint is thus limited to the claim that plaintiff's evidence failed to sustain its allegations under which plaintiff undertook to show that venue is maintainable in Harris County under Subdivision 5. "It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county— the county or some definite place therein being expressly named in the writing.

Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935." (Authorities.) Petroleum Producers Co. v. Steffens, 139 Tex. 257, 258, 162 S.W.2d 698, 699. As indicated, defendant in no way questions the sufficiency of plaintiff's allegations to show venue properly maintainable in Harris County under Subdivision 5.

■ If the terms of either of the written contracts sued on bring them within the provisions of Subdivision 5 so as to make the suit properly maintainable in Harris County, proof of such terms will serve to fix venue in Harris County as to the remainder of the subject matter of the suit in order to avoid multiplicity of suits. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890; Stevens v. Willson, 120 Tex. 584, 39 S.W.2d 1088; Wolcott v. Hall, Tex.Civ. App., 111 S.W.2d 1140; Hunt v. Wroe, Tex. Civ.App., 129 S.W.2d 768. So, since the portion of the contract of August 8, 1945, on which plaintiff relied to make out its allegations to hold venue in Harris County under Subdivision 5, is more brief than the corresponding portion of the contract of March 14, 1944, and since it will shortly appear that the portion of the contract of August 8, 1945, fixes the venue of the suit in Harris County, we will forego examining the contract of March 14, 1944. The contract of August 8, 1945, contains these express provisions "All payments to be made under this contract by lessee (i. e., defendant) to lessor (i. e., plaintiff) shall be made to said Second National Bank of Houston, for the account of lessor."

■ When defendant subscribed to said obligation just quoted from the contract of August 8, 1945, he was bound to know that he thereby obligated himself to make the required payments as the banking house of the Second National Bank of Houston during office hours. See Harrison v. Nueces Royalty Company, Tex.Civ.App., 163 S.W. 2d 244; Cities Service Company v. Brown, 119 Tex. 242, 27 S.W.2d 115. To be sure, "Second National Bank of Houston" is the corporate name of the bank which the contract designated as plaintiff's agent to re-

ceive the required payments. But it was also the designation of the banking house where defendant was obligated to make said payments. In other words the designation of the bank to which the payments should be made, also constituted the designation of the bank where such payments were to be made. Heid Bros. Inc. v. Smiley, Tex.Civ. App., 144 S.W.2d 952. In the cited case, the plaintiffs sued on a contract which provided that the price of the commodity there involved was "payable upon delivery of bills of lading to the First National Bank of Paris, Texas." And the defendant in that case contended that the clause "payable upon delivery of bills of lading to the First National Bank of Paris, Texas" merely designated (1) the time plaintiff was to pay and (2) plaintiff's agent to whom payment should be made. The court declined to admit such a strained and artificial construction of the contract; obviously, because the corporate name of the First National Bank of Paris, by reason of its place-name, fixed the place of payment.

 Here defendant was obligated to make the payments to the Second National Bank of Houston which obligation included the duty to make payments at the Second National Bank. This, defendant was bound to know when he executed the contract; but if the defendant did not in fact know that the Second National Bank of Houston was at Houston when he executed the contract, he was bound, by assuming the obligation to so make said payments, to provide himself with that information to meet the obligation which the contract he made imposed on him. The court below judicially knew that Houston is the county seat of Harris County, and as such, the seat of his own court. It was stipulated by counsel at the trial that "the corporate name of the bank here in Houston is the Second National Bank of Houston". While this stipulation was sufficient to support the court's action in overruling the plea of privilege, if it were necessary to prove by parole that the bank was in Houston, we decline to hold that the obligation to make the payments to the "Second National Bank of Houston" as expressed in the contract was not sufficient to make manifest that defendant was to make such payments at the banking house

of said bank, at Houston. The contract would have gained nothing in clarity of meaning had it stated that the payments were to be made to the Second National Bank of Houston, in Houston. Said added words "in Houston" would have constituted that species of redundancy known as tautology. "Houston", as used in the corporate name of The Second National Bank, is a place-name and its signification would be identical, with respect to a contractural obligation to make a payment or payments thereto, whether it were "Second National Bank at Houston" or "Second National Bank in Houston", instead of "Second National Bank of Houston".

The judgment is affirmed.