N. A. SAIGH V. HONORABLE WALTER E. MONTEITH, CHIEF JUSTICE ET AL.

No. A-1795. Decided November 24, 1948.
Rehearing overruled December 31, 1948.
(215 S. W., 2d Series, 610.)

342

*Kelley, Lockett, Lockett & Mosheim,* of Houston, and *Esk-ridge & Groce,* of San Antonio, for relator.

*Vinson, Elkins, Weems & Francis, C. M. Hightower,* and *W. B. Browder, Jr.,* all of Houston, for respondents.

MR. CHIEF JUSTICE HICKMAN, delivered the opinion of the Court.

Relator seeks a writ of mandamus to compel the Honorable Court of Civil Appeals for the First Supreme Judicial District at Galveston to certify to this court a question of law arising on the hearing of a plea of privilege filed by relator to be sued in Bexar County, the county of his residence. The suit out of which this proceeding grows was filed by respondent Anderson Brothers Corporation against relator in one of the district courts of Harris County upon two written contracts, the first dated March 14, 1944, and the second dated August 8, 1945, under the terms of which respondents' predecessor in title leased to the relator certain equipment which was used by relator in the construction of a pipe line. Respondent seeks to maintain venue in Harris County under amended Subdivision 5 of Article 1995, R. C. S., quoted hereinafter. In a nonjury trial of the privilege issue the plea was overruled, and that order was affirmed by the Court of Civil Appeals. 211 S. W. (2d) 357.

As noted above, respondent declared upon two written contracts. In its controverting plea it sought to maintain venue where laid under the terms of each of these contracts. No findings of facts or conclusions of law were requested or filed, and it cannot, therefore, be determined upon which contract, if not upon both, the trial court's order was based. The Court of Civil Appeals did not consider the first contract, but affirmed the case upon its construction of the terms of the second contract.

The particular provision of the contract of August 8, 1945, which in the opinion of the Court of Civil Appeals fixes venue in Harris County, reads as follows:

"All payments to be made under this contract by Lessee to Lesesor shall be made to said Second National Bank of Houston for the account of Lessor."

It was stipulated that the corporate name of the bank is Second Natinal Bank of Houston. Notwithstanding this the Court of Civil Appeals held that "Houston," as used in the corporate name is a "place name"; that its signification would be identical whether it were "Second National Bank at Houston" or "Second National Bank in Houston"; and that the contract would have gained nothing in clarity of meaning had it stated that the payments were to be made to the Second National Bank of Houston, in Houston. We are not in agreement with these conclusions. Prior to the amendment of Subdivision 5 of Article 1995 by the Acts of 1935, 44th Legislature, p. 503, ch. 213, Section 1, it read as follows:

"If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

By the amendment it was made to read as follows:

"If a person has contracted in writing to perform an obligation in a particular county, *expressly naming such county, or a definite place therein, by such writing,* suit *upon or by reason of such obligation* may be brought *against him,* either in such county or where the defendant has his domicile." (The underscoring indicates the provisions added by the amendment.)

■ The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivison was made so plain as to admit of no construction that would fix venue by implication. In order to sustain venue in Harris County in this case the contract must have expressly named that county or some definite place therein where relator was obligated to perform. This contract does not meet that test. It provides merely that the relator was to make payments to the named bank. Where such payments were to be made is not covered by the express language of the contract. In effect, the holding of the Court of Civil Appeals is that the mere designation by name of a mortgagee or payee in an instrument, if that name includes that of a place, should be construed as a promise of performance at the residence of the mortgagee or payee. By such holding, in our opinion, the court came into conflict with the holding of the Court of Civil Appeals in Pack v. Dittlinger & Dare, 136 S. W. (2d) 636. We have concluded that because of that conflict this court has jurisdiction to grant the writ of mandamus.

■ The case is clearly distinguishable from Heid Bros., Inc., v. Smiley (Tex. Civ. App.), 144 S. W. (2d) 952. In that case the contract provided that payments should be made upon delivery of bills of lading "to the First National Bank of Paris, in Paris, Texas." That contract expresesly names the place of performance to be "in Paris, Texas," and courts judicially known that Paris is the county seat of Lamar County. Our conclusion is that the Court of Civil Appeals erred in holding that the contract of August 8, 1945, fixed the venue of the suit in Harris County

under amended Subdivision 5 of Article 1995, R. C. S., as against the plea of relator to be sued in the county of his residence.

■ From the above holding a very interesting question of procedure arises. The Court of Civil Appeals has not considered the question of whether venue could be retained in Harris County under the first contract, its views being that venue was fixed in that county under the second contract, and that, therefore, it was unnecessary to consider whether the same result might have been reached from a consideration of the first contract. The situation confronting us is this: Should we compel by mandamus the certification of the question of the correctness of the holding of the Court of Civil Appeals on the question decided by it, the court might then consider the first contract, dated March 14, 1944, and affirm the case on the ground that venue could be maintained in Harris County under it. The result would be either that our decision would be of no effect or else relator would be compelled to seek relief by a second mandamus proceeding. Either result violates the spirit and purposes of our system of practice and rules of civil procedure.

In Uvalde Rock Asphalt Company v. Hightower, 135 Texas 410, 144 S. W. (2d) 533, the Court of Civil Appeals certified certain questions of law to this court, disclosing in its certificate that there were certain other questions presented in the case which were not certified and which might be determinative of the judgment which that court would render. This court dismissed the certificate on the ground that our answers would furnish no basis for an adjudication of the issues involved. Were this a certificate from the Court of Civil Appeals in which it made known to this court that it withheld a ruling on the question of whether the venue could be sustained under the first contract, then under the authority of the case just cited the certificate would be dismissed. But to deny a writ of mandamus to relator on that ground would be manifestly unjust to him. He is not to be prejudiced by the failure of the Court of Civil Appeals to pass on all questions presented, and to hold that he is not entitled to his writ merely because the Court of Civil Appeals fails to pass on one of the questions would be tantamount to a holding that he has no remedy at all. To compel the certification of the question decided by the Court of Civil Appeals and then refer the case back to that court for its consideration of the question which it did not decide, and, in the event its decision should be adverse to relator, entertain a secon mandamus in the same suit, would be to try a case piecemeal and encourage a multiplicity of suit. Faced with this situ-

ation, we have decided that we are authorized to consider in this proceeding the question of whether venue can be maintained in Harris County under the terms of the first contract.

■■ The rule has long been established in this court that circumstances may exist which will warrant the court in reversing judgments as between nonappealing parties. Under ordinary circumstances the court would have no jurisdiction to determine a controversy between parties not before it, but in a case where the court sustains an assignment of error, and the petitioner can be given full and effective relief in no other way than by a reversal of the judgment between nonappealing parties, then such reversal will be ordered. Hamilton v. Prescott, 73 Texas 565, 11 S. W. 548; Thompson v. Kelley, 100 Texas 536, 101 S. W. 1074; Reeves & Lester v. McCracken, 103 Texas 416, 128 S. W. 895; American Indemnity Co. v. Martin, 126 Texas 73, 84 S. W. (2d) 697. Courts are not powerless to make their decrees effective, and in order to do so they may consider questions under given facts which under general rules they would have no authority to consider.

This case calls for an application of that principle. There is probably more ground for its application in mandamus proceedings than in ordinary appeals. If venue is properly to be sustained under the terms of the first contract, then the writ of mandamus should be denied. We cannot determine whether to issue the writ without considering that question. If, on the other hand, venue cannot be maintained under the terms of the first contract, then the writ should issue in this proceeding and the case be ordered to be transferred to Bexar County for trial on its merits.

■ We have examined the first contract, being the one dated March 14, 1944, and it is very evident to our minds that venue cannot be maintained in Harris County upon it. The contract provides that payments thereunder are to be made "to the said The National Bank of Commerce of Tulsa." The contract in one of its provisions makes relator responsible for all equipment and provides that same is to be delivered back to second party's warehouse. The location of that warehouse is not stated. At another place it is provided that the cost of transportation to the job site or to Houston will be borne by petitioner, and that the cost of transportation to the warehouse of the second party at Houston, Texas, will be borne by relator. There is no express provision for the performance of the obligations of the contract in Houston. Only by implications and a somewhat strained con-

struction can that obligation be read into the contract. As held above under the amendment of 1935, venue cannot be fixed by implication or doubtful constructions.

■ We assume that the Court of Civil Appeals will of its own accord conform its ruling and decision to those of this court, but in the event it should not do so the Clerk will issue the appropriate writ. Rule of Civil Procedure No. 475.*

Opinion delivered November 24, 1948.

MR. JUSTICE SMEDLEY, dissenting.

I respectfully dissent from that part of the opinion of the majority in which the Court takes jurisdiction of and decides the question whether the plaintiff in trial court, respondent here, can maintain venue in Harris County under Subdivision 5 of Article 1995 by reason of the written contract dated March 24, 1944. The reason for this dissent is that this Court is wholly without jurisdiction of that question.

As shown by the copy of the transcript from the District Court, respondent Anderson Brothers Corporation, in response to relator's plea of privilege to be sued in the county of his residence, asserted by controverting affidavit the right to maintain venue in Harris County under Subdivision 5 of Article 1995 on account of the provisions of each of the two contracts on which it sued. Appeal was taken to the Court of Civil Appeals from the order of the District Court which overruled the plea of privilege. The Court of Civil Appeals in affirming the trial court's order in that case, Saigh v. Anderson Brothers Corporation, held that venue could be maintained in Harris County because one of the written contracts, that dated August 8, 1945, bound the defendant to perform the obligations of the contract in Harris County. The Court of Civil Appeals made no decision and expressed no opinion on the question whether the obligations of other written contract, that dated March 24, 1944, were performable in Harris County, stating in its opinion that since the contract of August 8, 1945, fixed venue in Harris County, it would "forego examining" the contract of March 24, 1944. 211 S. W. (2d) 357.

---

*In pursuance to the above opinion of the Supreme Court, the Court of Civil Appeals granted appellant's motion for rehearing; reversed the judgment of trial court and rendered judgment, that venue be transferred to Bexar County. 216 S. W. (2d) 304.—Ed.

This cause had its origin in the filing by the relator of a petition for mandamus to compel the Court of Civil Appeals to certify to this Court the question of law decided by that Court with respect to the contract of August 8, 1945, on the ground that its decision of that question as set out in its opinion conflicts with the decisions and opinions of other courts of civil appeals cited in the petition for the writ.

The majority opinion of this Court considers and decides the question as to the contract of August 8, 1945, holding that the decision and opinion of the Court of Civil Appeals in Saigh v. Anderson Brothers Corporation as to the contract of August 8, 1945, are in conflict with the decision and opinion of the Court of Civil Appeals in Pack v. Dittlinger & Dare, 136 S. W. (2d) 636, cited in the petition for the writ of mandamus, and holding further that the Court of Civil Appeals erred in its decision that the contract of August 8, 1945, fixed venue in Harris County.

The majority opinion goes further, however. It examines and considers the contract of March 24, 1944, and holds that venue cannot be maintained in Harris County under that contract. In making this decision, this Court goes outside of its jurisdiction, as clearly appears from the Constitution, the statutes and the decisions which defines its jurisdiction.

Section 3 of Article V of the Constitution "fixes the boundaries of the judicial power of the Supreme Court." The Court's jurisdiction is "appellate only" except as specified in the section. The Supreme Court's jurisdiction as fixed by the Constitution is of two classes only, appellate jurisdiction and original jurisdiction. Neither general supervisory jurisdiction nor advisory jurisdiction over other courts is given to the Supreme Court under the Constitution, and such jurisdiction cannot be conferred by the legislature. Morrow v. Corbin, 122 Texas 553, 561-563, 62 S. W. (2d) 641; Railroad Commission v. Mackhank Petroleum Co., 144 Texas 393, 396, 190 S. W. (2d) 802; Curtis v. Moore, 130 Texas 396, 399, 110 S. W. (2d) 1146.

The jurisdiction of this Court in this case is original, not appellate. This is an original proceeding under the original jurisdiction to issue writs of mandamus conferred upon the Court by the legislature pursuant to the last sentence in the first paragraph of Section 3 of Article V. This Court has no appellate jurisdiction over the cause that was appealed to the Court of Civil Appeals, since the appeal was taken from an interlocutory

order, the order overruling the plea of privilege. In that appeal the jurisdiction of the Court of Civil Appeals is final. Article 1821, Revised Civil Statutes of 1925 as amended by Chapter 33, Acts Regular Session, 41st Legislature; Stevens v. Wilson, 120 Texas 584, 39 S. W. (2d) 1088; Jackson v. McClendon, 143 Texas 577, 578, 187 S. W. (2d) 374.

We look to the statutes to determine what original jurisdiction has been conferred upon the Supreme Court by the legislature to issue writs of mandamus, for "the Court can only exercise original mandamus jurisdiction where authorized by law." Malone v. Rainey, 133 Texas, 622 ,623, 133 S. W. (2d) 951. Article 1733 of the Revised Civil Statutes authorizes the Supreme Court to issue writs of mandamus "agreeable to the principles of law regulating such writs" against the courts of civil appeals or the judges thereof, and thus confers upon the Court the original jurisdiction contemplated by the Constitution. Pickle v. McCall, 86 Texas 212, 218, 24 S. W. 265. Article 1855 (now Rule 462) provides that where a decision of a court of civil appeals is in conflict with an opinion rendered by the Supreme Court or some other court of civil appeals on any question of law, the court *shall transmit* to the Supreme Court for adjudication the question of law involved in the cause wherein said conflict of opinion has arisen. This article of the statute imposes the mandatory duty upon the court of civil appeals to transmit or certify the question to the Supreme Court and it gives the Supreme Court jurisdiction to answer the question certified, if there is a conflict. And under Article 1733 the Supreme Court has jurisdiction and authority to issue the writ of mandamus to require the court of civil appeals to perform its duty to certify the question of law, when there is a conflict and that court has refused to perform the duty. Simpson v. McDonald, 142 Texas 444, 447, 179 S. W. (2d) 239. McCurdy & Daniels v. Connor, 95 Texas 246, 66 S. W. 664. Since the adoption of the Texas Rules of . Civil Procedure the Court, after granting leave to file a petition for mandamus to certify a question on the ground of conflict, sets the petition down for hearing and decision both of the question whether there is a conflict and of the merits of the question involved in the conflict. Rule 475.

It is very clear that the jurisdiction of the Court in this original proceeding depends upon the existence of conflict. If there is no conflict, the Court of Civil Appeals is under no duty to certify the question, and if the Court of. Civil Appeals is under no duty to certify the question, this Court has no juris-

diction to cómpel it to do so. It is clear also that the Court's jurisdiction, after the petition for mandamus has been filed, extends no further than to a decision of the question whether there is a conflict, and consequently whether the Court has jurisdiction, and to a decision of the question of law involved in the conflict after it has been determined that there is a conflict.

Grote v. Price, 139 Texas 472, 475, 163 S. W. (2d) 1059, like this case, was an original proceeding for mandamus against the Court of Civil Appeals to require it on account of conflict to certify a question of law involved in a plea of privilege case. The Court said:

"In a proceeding of this nature *this Court has no jurisdiction to compel the Court of Civil Appeals to certify questions of law for our determination unless the decision of the Court of Civil Appeals is in conflict with the holding of the Supreme Court or some Court of Civil Appeals upon a question of law necessary to the decision.* Rule 462, Texas Rules of Civil Procedure; Harris v. Willson, 122 Texas 323, 59 S. W. (2d) 106; Wright v. Dunklin, 132 Texas 188, 123 S. W. (2d) 301, syl. v. *Consequently, in order to determine whether we have jurisdiction we must first determine whether such a conflict exists.*" (Emphasis added.)

Jackson v. McClendon, 143 Texas 577, 187 S. W. (2d) 374, consistently with the rule last quoted, follows the correct procedure in such a case. Motion for leave to file the petition for mandamus having been granted and the case submitted, the Court considered first the question of jurisdiction, that is, whether the conflict existed, and finding that there was no conflict, set aside the order which had granted leave to file the petition and dismissed the petition.

The conflict that gives jurisdiction to the Supreme Court in original proceedings like this is a conflict *in opinions.* Article 1855 uses both the word "decision" and the word "opinion." The caption and the emergency clause of this statute as originally enacted in 1899 show that the purpose of its enactment was to prevent conflict in opinions of the court of civil appeals on questions of law. Chapter 98, Acts Regular Session, 26th Legislature. It is settled by decisions of this Court that the conflict out of which jurisdiction arises in conflict in opinions and that the Court looks to the opinions to determine whether there is a conflict. "It is now definitely settled that the

conflict must exist upon the face of the opinions themselves". Employers Casualty Co. v. National Bank of Commerce, 140 Texas 113, 114, 166 S. W. (2d) 691; Dockum v. Mercury Insurance Co., 134 Texas 437, 440, 135 S. W. (2d) 700. It is true that the two cases cited relate to Article 1821 and 1728, which make the judgments of the courts of civil appeals in county court cases final except "in cases involving conflicts between decisions of the Courts of Civil Appeals or between a decision of a Court of Civil Appeals and a decision of the Supreme Court." But the conflict to which those articles refer is of the same nature and is measured in the same way as the conflict to which Article 1855 relates. Garitty v. Rainey, 112 Texas 369, 247 S. W. 825; Sun Mutual Insurance Co. v. Roberts, Willis & Taylor, 90 Texas 78, 37 S. W. 311; Layton v. Hightower, 118 Texas 166, 12 S. W. (2d) 110; Mooers v. Hunter (Com. App.) 67 S. W. (2d) 860.

It follows from the statutes and decisions discussed that if there is no opinion of the court of civil appeals on the particular question there can be no conflict between its opinion or decision and an opinion of the Supreme Court or of some other court of civil appeals, and that since there can be no conflict, there is no jurisdiction in the Supreme Court either to require certification or to decide the question. In the instant case, therefore, this Court is without jurisdiction to decide the question as to venue under the contract of March 24, 1944, because the Court of Civil Appeals made no decision of that question and in its opinion expressly stated that it was not even examining that contract. There was no opinion on the question and there is no conflict, and consequently there is no jurisdiction.

The opinion of the majority seeks to justify its deciding the question of venue under the contract of March 24, 1944, by the citation of Uvalde Rock Asphalt Co. v. Hightower, 135 Texas 410, 144 S. W. (2d) 533, and the citation of several cases involving the extent of the authority of the Supreme Court or a court of civil appeals in a case where the Court had an exercised appellate jurisdiction. In the Hightower case questions were certified by a court of civil appeals under Article 1851. After examining the certificate and the tentative opinion, the Court dismissed the certificate because it found that the questions certified were "but abstract questions of law", that answers to them "would amount to no more than an advisory opinion upon an abstract question of law" and would "furnish no basis for an adjudication of the issues involved". That decision is in

no way an authority in the instant case. For the Court to decline to answer certified questions for the reasons given in the Hightower case is quite different from the action of the majority opinion in this case of deciding a question over which it has no jurisdiction whatever.

The opinion of the majority seems to àrgue that on the authority of the Hightower case the Court should or would refuse to answer the question of venue under the contract of August 8, 1945, and should or would dismiss the case or deny the writ but for the fact that to do so would be manifestly unjust to the relator. The Hightower case lends no support to the argument. There, according to the opinion, the questions which the Court declined to answer were neither material nor necessary to a decision of the case by the Court of Civil Appeals. Here the question whether venue can be maintained in Harris County under the contract of August 8, 1945, is both material and necessary to a deceision of the case pending in the Court of Civil Appeals. The plaintiff claims venue under both contracts. The trial court overruled the plea of privilege, holding that there is venue in Harris County. The trial court's decision was erroneous if the obligations of neither of the two contracts were performable in Harris County under Section 5. That the Hightower case is not an authority even by analogy in this case is further shown by State v. Callahan, 91 Texas 313, 314-315, 43 S. W. 12, which hold that it is not a sound objection to the consideration and determination of a question certified by a court of civil appeals that there are other questions in the case which must be determined before a decision of the point certified becomes necessary. The relator in the instant case is entitled to a determination of the question as to the contract of August 8, 1945. His petition brings his case within Article 1855 and Article 1733. The Court of Civil Appeals in its opinion has decided the question. Its decision is in conflict with the opinion of another court of civil appeals. It has refused to concur with the conflicting opinion and has overruled a motion to certify the question.

The other authorities cited in the opinion of the majority have no application to this case. They deal with the extent of the authority of a court to which a cause has been taken by appeal to consider questions in the cause. The appeal takes the entire cause to the appellate court. Here the cause pending in the Court of Civil Appeals has not been brought to this Court; it remains in that Court. This case is an original proceeding distinct from that cause. As has been shown, the original jurisdiction of this

Court is narrowly defined. It exists in a case like this only when there is conflict in the opinion of the court of civil appeals on a question of law with an opinion of the Supreme Court or an opinion of one of the courts of civil appeals, and it extends only to compelling the certification of the very question involved in the conflict and the determination of the very question.

The majority opinion speaks of trying a case piecemeal. Whenever a question is certified to this Court or compelled to be certified, there is, it may be said, a piecemeal trial. The whole case cannot be certified. Kelley-Goodfellow Shoe Co. v. Liberty Insurance Co., 87 Texas 112, 26 S. W. 1063. It is to be remembered that the purpose of the statutes which give jurisdiction to this Court in this case is to settle the particular conflict and thus prevent as far as possible conflicts arising from decisions of the courts of civil appeals. McCurdy & Daniels v. Conner, 95 Texas 246, 250-251, 66 S. W. 664. Neither appellate jurisdiction nor any other general jurisdiction is given to this Court in this kind of case. Even when cases are certified under Article 1851 "the Supreme Court has no jurisdiction to decide" a question which has not been certified, even though it relates to jurisdiction of the Court of Civil Appeals. Tunstill v. Scott, 138 Texas 425, 434, 160 S. W. (2d) 65.

Possibly it may be more expeditious for this Court to advise the Court of Civil Appeals how it should decide the question of venue under the contract of March 24, 1944; but to do so is to exercise power without authority to exercise it.

Opinion delivered November 24, 1948.

Associate Justices, Hart and Garwood, joins in this dissent.