**John A. YANTA, Appellant,**

v.

**G. A. DAVENPORT, Appellee.**

No. 13450.

Court of Civil Appeals of Texas.

San Antonio.

April 8, 1959.

Rehearing Denied May 6, 1959.

Bruce Waitz, James. P. Ryan, San Antonio, for appellant.

Forrest A. Bennett, Dan C. Crow, San Antonio, for appellee.

**637**

W. O. MURRAY, Chief Justice.

This is a plea of privilege case involving the fifth section of Art. 1995, Vernon's Ann. Civ.Stats., known as the Venue Statute. G. A. Davenport instituted this suit in the County Court at Law Number 3 of Bexar County, Texas, against John A. Yanta, seeking to recover upon the following written instrument:

"$883.80 "Frost National Bank of San Antonio, Texas.
"San Antonio, Texas, November 15, 1953
"One Year after date, I, we, or either of us as principals promise to pay to the order of G. A. Davenport & Mrs. M. T. Hearne, Jr., at the Frost National Bank, of San Antonio, Texas, Eight hundred eighty three and 80/100 Dollars in Lawful Money of the United States for value received with interest at the rate of four per cent per annum after date until paid and a fee of ten per cent additional on principal and interest if placed in the hands of an Attorney for collection.
/s/ John A. Yanta"

Yanta filed his plea of privilege in statutory form asserting his right to be sued in Karnes County, Texas, the County of his residence. Davenport duly controverted the plea, alleging that his cause of action was based upon a note which was payable at the Frost National Bank of San Antonio, Texas, which city is in Bexar County, and further alleged that his case came within § 5 of Art. 1995, Vernon's Ann.Civ. Stats. The only evidence offered at the trial was the note.

The trial court overruled Yanta's plea of privilege and he has prosecuted this appeal.

Appellant's contention is that the note does not show upon its face that the Frost National Bank of San Antonio is located in Bexar County, Texas. We overrule this contention. There can be no doubt but that this Court should take judicial no-

tice of the fact that San Antonio is the County Seat of Bexar County and is located in Bexar County, Texas. 1 McCormick & Ray, Texas Law of Evidence (2d Ed.) § 175, p. 191. Lubbock is the County Seat of Lubbock County, St. Paul Fire & Marine Ins. Co. v. Earnest, Tex.Civ., 293 S.W. 677, affirmed 116 Tex. 565, 296 S.W. 1088. Marshall is the County Seat of Harrison County, Smith & Davis Mfg. Co. v. Citizens' State Bank of Marshall, Tex.Civ. App., 267 S.W. 1016. Lockhart is the County Seat of Caldwell County, Hambel v. Davis, 89 Tex. 256, 34 S.W. 439. Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627; Turner v. Tucker, 113 Tex. 434, 258 S.W. 149; Cecil v. Fox, Tex.Civ.App., 208 S.W. 954; 39 Tex.Jur. 208, § 112.

The next question is, does the written instrument show that the Frost National Bank is located in San Antonio, Texas? The phrase "of San Antonio, Texas," was either intended to tell where the bank is located, or it is a part of the corporate name of the bank. If it is a part of the name, it is a place name and tells where the bank is located. It would add nothing to say, "at the FROST NATIONAL BANK, of San Antonio, Texas," *in San Antonio, Texas.* The added emphasis would tell us nothing more than we already know, to-wit, that the Frost National Bank is located in San Antonio, Texas. Heid Bros. v. Smiley, Tex.Civ.App., 144 S.W.2d 952.

In Smith & Davis Mfg. Co. v. Citizens' State Bank of Marshall, Tex.Civ.App., 267 S.W. 1016, 1018, the Court said:

"We see no reason why the place where a bank resides or engages in business should not form a part of its name, and if it does why it should be necessary to state its residence apart from its name. In the instant case, if the names of the banks were 'Citizens' State Bank of Marshall, Tex.,' and 'State & Savings Bank of Marshall, Tex.,' respectively, their residences would not have been more certainly

indicated than they were had they been described in the affidavit as the 'Citizens' State Bank of Marshall, Tex., of Marshall, Tex.,' and 'State & Savings Bank of Marshall, Tex., of Marshall, Tex.' "

In this same case the Court, in refusing to follow a contrary holding in National Bank of Commerce of Amarillo v. A. Walker Brokerage Co., Tex.Civ.App., 198 S.W. 174, had this to say:

"However, we do not agree that the holding of the court in the case referred to (National Bank of Commerce of Amarillo v. A. Walker Brokerage Co.) is correct, and we are not willing to follow it. The holding seems to have been based on the ruling in Third Nat. Bank of Baltimore v. Teal, C.C., 5 F. 503, where a United States Circuit Court held that the designation of a plaintiff in attachment as the 'Third National Bank of Baltimore' was not equivalent to an averment that the plaintiff was 'a banking association, established in the district of Maryland.' The reasoning of the federal court was that there were 'other Baltimores than the one in Maryland,' and that there did not 'appear to be in the national bank act anything to prohibit an association formed in any other state from having been the first to take the title of the plaintiff, if they had seen fit, and if the Comptroller of the Currency had approved.' The reasoning does not apply to the facts of the instant case, for there is, and we think the courts of this state should be held to know there is, only one 'Marshall' in Texas, and that it is the county seat of Harrison county."

The two cases upon which appellant seems principally to rely are, City of Dilley v. Black, Tex.Civ.App., 95 S.W.2d 732, and Saigh v. Monteith, 147 Tex. 341, 215 S.W.

2d 610. These cases are easily distinguished from the case at bar. The City of Dilley case turned upon the point that the coupons upon which the cause of action was based were not admissible in evidence because their execution was not shown, and the coupons not being admissible in evidence, they could not establish the place where the contract was to be performed. If the language used by us in that case may be construed as going further, then it was obiter dictum and will not here be followed.

The Saigh case turns upon the point that the payment was to be made "to" Second National Bank of Houston and not "at" such bank, as in the present case. The word "to" indicates to whom the payment should be made, but not where it should be made. The Supreme Court, upon this matter, cites Pack v. Dittlinger & Dare, Tex.Civ.App., 136 S.W.2d 636, in which case the Court overruled a contention that "To Dittlinger & Dare; Town and State: Robstown, Texas," meant that the obligation was performable at Robstown, Texas.

Furthermore, we notice that the instrument sued upon in the Saigh case [147 Tex. 341, 215 S.W.2d 611] merely gave the name as "Second National Bank of Houston", it did not say "Houston, Texas." There are no doubt cities in other States by the name of "Houston" and in such other cities there may be a bank named "Second National Bank of Houston." This very point was discussed in Third Nat. Bank of Baltimore v. Teal, C.C., 5 F. 503, 504, where it was said: "The title of the plaintiff, 'The National Bank of Baltimore,' is not in itself an averment either that the plaintiff is a banking association, established in the district of Maryland, or that it is established under the law of the United States * * *. There are other Baltimores than the one in Maryland, * * *."

The judgment of the trial court is affirmed.