**C. B. CHANEY et al., Appellants,**

v.

**WESTERN BUILDERS SUPPLY COMPANY, Appellee.**

No. 16572.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 23, 1964.

Whiteside & Baker, and Lon Baker, Fort Worth, for appellants.

Kerr, Day & Cook, and Taylor Gandy, Fort Worth, for appellee.

MASSEY, Chief Justice.

The question posed on the appeal is whether, within the provisions of the venue statute, Vernon's Ann.Civ.St.Tex. Art. 1995, "Venue", subsection 5, "Contract in writing", a plaintiff is entitled to maintain venue in the county of suit when such right is contested by the defendant's plea of privilege.

A part of the cause of action sued upon was for damages for breach of contract to return leased property to the plaintiff as contracted to be done at the end of the lease period. In that connection the contract recited the plaintiff's address as "501 West Hurst Blvd., City and Postal Zone Hurst, County Tarrant, State Texas"; and the delivery of the leased equipment, (trucks, etc.) to "Lessee, f. o. b. 501 West Hurst Blvd., Hurst, Texas". A part of the consideration promised thereby on the part of the defendants was: "Upon expiration or termination hereof, the *equipment shall be returned unencumbered to Lessor by Lessee at Lessee's sole expense* and in the same condition as when received by Lessee, * * *. Lessee shall pay rent at the said rate *until all said equipment arrives at Lessor's premises.*" (Emphasis supplied.)

We hold that by the written contract sued upon the defendant lessees agreed to perform the obligation sued upon, to-wit: the return of the leased property,—to a definite place in a particular county, to-wit: Tarrant County, that in which suit against them was filed. Such being true the requirements

of subsection 5 were satisfied as applied to a portion of the contractual obligations sued upon, and the defendants' plea of privilege was properly overruled. There would be no necessity that there be the same satisfaction as applied to other obligations in the same contract, for breach of which additional damages were sought.

Here the requirement that the contract contain express provision for performance of an obligation (sued upon) in Tarrant County was satisfied. There is no necessity for any strained construction. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948); Clark, Venue in Civil Actions, p. 36, et seq., Ch. 5 "Contract in Writing".

Judgment affirmed.