NO. 12-01-00188-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


PATRICIA KAY NEAL, FRANCES K. §
 APPEAL FROM THE 

NEAL, AND ROBERT K. NEAL,

APPELLANTS


V.
§
 COUNTY COURT AT LAW



HUIE ANDREW SPEARS, JR.,

APPELLEE
§
 PANOLA COUNTY, TEXAS

 

 Appellants Frances Neal, Robert Neal, and Patricia Neal appeal the trial court's grant of a
no-answer default judgment in favor of Appellee Huie Spears, Jr. In two issues, the Neals complain
that the trial court erred when it denied their motion for new trial, and that the evidence was legally
and factually insufficient to support the damages awarded. We reverse and remand for a new trial.


Background

 Patricia Neal was driving her parents' vehicle when she and Spears were involved in an
automobile accident. Spears filed suit against Patricia for causing the accident, and against Frances
and Robert, Patricia's parents, for negligent entrustment. When the Neals did not file an answer,
Spears took a default judgment against them for $302,648.00. After receiving notice of the default
judgment, the Neals filed a motion for new trial, attaching affidavits of Patricia, Frances and Mike
Brady, the Neals' insurance agent. In her affidavit, Patricia averred that Spears, not she, was
responsible for the accident. Frances asserted that Patricia was a good driver, licensed, and that she
had never been in any accidents; thus, it was not negligent to allow her to drive the family car. Brady
testified that Frances called him when she received her citation and petition, and that she hand
delivered them to him, possibly the next day. Brady further stated that he believed he faxed the
citation and petition to the insurance claim office, but apparently had not. As an explanation for his
failure to do so, he cited inadvertence due to inexperienced office staff and a busier than normal
work environment. 

 At the hearing on the motion for new trial, the Neals did not testify, but Spears did. Spears
did not controvert anything in the Neals' affidavits, but spoke of a heart condition he had which
would delay a trial on the merits, if the trial court decided to grant the Neals' motion. When Spears'
attorney pointed out that the Neals' affidavits were missing some critical statements (e.g., what
happened to Robert's and Patricia's citations, and the reason the Neals' failed to file an answer), the
trial court agreed to give the Neals 10 days to supplement the affidavits. The supplemental affidavits
stated that Patricia and Robert both gave their citations to Frances to take to Mike Brady. Frances
stated that she only went to Brady's office once, and that she was relatively sure she took all three
citations. After the Neals filed their supplemental affidavits, the trial court denied their motion for
new trial. This appeal followed.


Motion for New Trial

 A trial court's ruling on a motion for new trial after it renders a default judgment will be
disturbed only if an abuse of discretion is shown. See Strackbein v. Prewitt, 671 S.W.2d 37, 38
(Tex. 1984). However, if the movant establishes the three requirements for a new trial after a
default, it is an abuse of discretion not to grant the motion. The three requirements are: 1) that the
failure to answer was not intentional or the result of conscious indifference, but was due to mistake
or accident; 2) the defendant set up a meritorious defense; and 3) the motion is filed at a time when
the granting would not cause delay or prejudice to the plaintiff. Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. Com. App. 1939); J.H. Walker Trucking v. Allen Lund Co., Inc.,
832 S.W.2d 454, 455 (Tex. App.-Houston [1st Dist.] 1992, no writ). To meet the first element of
the Craddock test, the movant must establish some excuse, but not necessarily a good excuse, for
the failure to answer the lawsuit, as long as the act or omission causing the defendant's failure to
answer was, in fact, accidental. K-Mart Corp. v. Armstrong, 944 S.W.2d 59, 61 (Tex.
App.-Amarillo 1997, writ denied). Where the factual allegations in a movant's affidavits are not
controverted, it is sufficient that the motion and affidavit set forth facts which, if true, would negate
intentional or consciously indifferent conduct. Holt Atherton Industries, Inc. v. Heine, 835 S.W.2d
80, 82 (Tex. 1992). When a defendant relies on his agent to file an answer, he must demonstrate that
both he and his agent were free of conscious indifference. Id. at 83. The requirement to set up a
meritorious defense is met when affidavit testimony sets forth the facts that, if ultimately proved,
would cause a different result upon retrial of the case. State Farm Life Ins. Co. v. Mosharaf, 794
S.W.2d 578, 584 (Tex. App.-Houston [1st Dist.] 1990, writ denied). And once a defendant has
alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof
of injury shifts to the plaintiff. K-Mart Corp., 944 S.W.2d at 63.


Supplemental Affidavits

 Before we perform the Craddock analysis, we must first determine which of the affidavits
filed in support of the Neals' motion for new trial were properly considered by the court. Spears
argues that the trial court had no discretion to allow supplementation of the motion and,
consequently, the second set of affidavits were improperly admitted into evidence. We agree. Rule
329b of the Rules of Civil Procedure states that amended motions for new trial must be filed before
the trial court rules on the motion, and within thirty days after the original judgment was signed. 
Tex. R. Civ. P. 329b(b). This rule equally applies to supplemental motions. Equinox Enterprises,
Inc. v. Assoc. Media Inc., 730 S.W.2d 872, 875 (Tex. App.-Dallas 1987, no writ). And since Rule
5 of the Texas Rules of Procedure prohibits a trial court from enlarging "the period for taking any
action under the rules relating to new trials except as stated in these rules . . . ," the trial court did
not have the discretion to grant an extension to file the supplemental affidavits. Tex. R. Civ. P. 5. 
We hold, therefore, that the only affidavits properly before the trial court when it deliberated on the
motion for new trial were the three affidavits attached to the original motion.


Craddock Analysis

 After reviewing the affidavits, we conclude that only Frances satisfied all of the Craddock
elements. Brady averred in his sworn statement that Frances brought him the petition and citation
very soon after she received it. Brady then stated that he knew the proper procedures to follow when
one of his insureds was served with citation, but that he inadvertently placed the documents in his
"claims bin" without first faxing copies to the claims office. This testimony satisfied the first
Craddock element for Frances. Frances then made a sworn statement that her daughter was a good
driver who had never been in an accident before, and that she had no reason to believe that Patricia
was an unsafe, reckless, or less than competent driver. This set up a meritorious defense for Frances,
which satisfied the second Craddock element. The third element was satisfied when the Neals
offered to reimburse Spears for any reasonable costs and expenses sustained by the taking of the
default judgment, and announced ready for trial. Further, the trial court heard the Neals' motion for
new trial less than two months after the default was rendered. It is highly unlikely that a trial on the
merits of this case would have been reached by the date of the hearing on the motion for new trial.
Thus, if the trial court had set aside the default judgment, Spears would have been in no worse
position than if an answer had been timely filed on behalf of the Neals. (1) We hold, therefore, that the
trial court abused its discretion when it denied Frances' motion for new trial.

 As to Robert and Patricia, neither met the criteria as to "mistake or accident," since Robert
did not file an affidavit, and Patricia only testified as to how the accident occurred. Although
Patricia set up a meritorious defense, Robert failed to do so since he did not file an affidavit. Thus,
neither father nor daughter satisfied the Craddock test. If these were three separate defendants in
three separate default judgment cases, we would affirm the trial court's denial of Robert and
Patricia's motion for new trial, but reverse and remand Frances' case for a new trial. But these
particular defendants are family members in one lawsuit, where what happens to one indisputably
affects the others. For example, if Frances was granted a new trial, the jury could find that Patricia
did not cause the accident. And if Patricia did not cause the accident, Frances could not be held
liable for negligent entrustment and she would not be required to pay damages. But should Robert's
and Patricia's default judgments stand, Frances would still be responsible for paying the $302,648.00
from the community estate. We hold, therefore, that these claims are so intertwined that one should
not be severed from the others and retried alone. See Turner, Collie & Braden, Inc. v.
Brookhollow, Inc., 642 S.W.2d 160, 166 (Tex. 1982). This court must reverse the entire judgment
in order to provide Frances with full and effective relief. See Saigh v. Monteith, 147 Tex. 341, 215
S.W.2d 610, 613 (1948); see also State Dep't of Highways v. Cotner, 845 S.W.2d 818, 819 (Tex.
1993). Accordingly, we reverse the trial court's judgment and remand the entire cause for a new
trial.




 SAM GRIFFITH 

 Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.























(DO NOT PUBLISH)
1. Spears did testify that he had recently been diagnosed with a heart problem and that he did not feel he
could handle the stress of a trial at that time. But this testimony did not controvert the Neals' assertion that the
granting of the motion for new trial would not cause delay or prejudice to Spears since it was Spears' physical
condition, not the granting of the motion, which would have caused the delay.